UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CARLOS GUTIERREZ,

    Petitioner,

v.

MARTY ANDERSON, Warden,

    Respondent.

Civil No. 06-1714 (JRT/JSM)

**REPORT AND RECOMMENDATION**

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for a Writ of Habeas Corpus Emergency Writ of Habeas Corpus. Docket No. 1. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court concludes that this Petition should be denied.

**I.    BACKGROUND**

Petitioner Carlos Gutierrez was sentenced in 1998 to 240 months in prison after being convicted of charges involving Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine and Aiding and Abetting Use of a Communication Facility to Further a Drug Felony. He is currently incarcerated at the Federal Medical Center in Rochester, Minnesota (FMC-Rochester). Petitioner suffers from advanced liver disease due to hepatitis C, liver cancer,

and poorly controlled diabetes. Declaration of Ann Norenberg ("Norenburg Decl."), Attachment C at 6. Petitioner's condition is in decline and he has been given a matter of weeks to live. Declaration of Mary Jo Madigan ("Madigan Decl."), Ex. G.

On January 10, 2006, Petitioner's physician at FMC-Rochester submitted a request for consideration for compassionate release to another BOP facility to be considered for a liver transplant. Petition, Attachment 1 (Medical Summary dated January 10, 2006). On February 9, 2006, the Compassionate Release Committee at FMC-Rochester unanimously recommended to Warden Marty Anderson, Warden of FMC-Rochester, that he not pursue a compassionate release. The decision was based on the Petitioner's criminal history and ability to re-offend. Norenburg Decl., Attachment C at 2. Warden Anderson concurred with the Committee's recommendation in a memo dated February 16, 2006, which was given to the Petitioner on February 23, 2006. Id. at 1. Petitioner completed the appeal process through the Administrative Remedy Program and his requests were denied. Norenburg Decl. at ¶ 7. Petitioner then filed a Petition for a writ of habeas corpus with this Court on May 8, 2006.[1] In this Petition, Petitioner asks this Court to order the Warden and Bureau of Prisons ("BOP") to submit on his behalf a motion for compassionate release to the sentencing judge so that he can die at his family's home.

---

[1] Petitioner subsequently filed a Motion for Compassionate Release with his sentencing judge, Chief Judge James Rosenbaum on June 15, 2006. However, on June 20, 2006, Petitioner withdrew his Motion for Compassionate Release and asked that the matter be dismissed.

**II.   ANALYSIS**

This Court concludes that the Petition for habeas corpus relief should be denied.  First, it finds that it does not have jurisdiction over the Petitioner's habeas corpus petition to grant the relief he is requesting in this Petition. Pursuant to 28 U.S.C. § 2241, habeas corpus relief is available only to prisoners challenging the fact or duration of their confinement.  Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991).  If a habeas petition fails to attack the validity or length of a sentence, the district court lacks the power to hear it under § 2241.  Kruger, 77 F.3d at 1073.

Here, Petitioner asserts federal jurisdiction under § 2241, yet he is not challenging the validity of his conviction or the duration of his confinement.  Thus, to the extent that Petitioner is asking this Court to outright release him from prison based upon his medical circumstances, § 2241 does not confer jurisdiction upon this Court to alter his sentence solely based on his medical circumstances. See, Morales v. United States, 353 F.Supp.2d 204, 204 (D. Mass., 2005). Further, it is only the sentencing court that can entertain and make this modification based on Petitioner's ill health, and then only upon a motion from the Director of the Bureau of Prisons.  See, 18 U.S.C. § 3582(c)(1)(A). Therefore, to the extent the Petitioner's habeas plea asks this Court to release him, this Court finds that he has directed his request to the wrong court, as this Court lacks the statutory authority to entertain the request.

Second, to extent that Petitioner is seeking via this Petition an order from this Court compelling the Warden of FMC-Rochester to submit a motion to Judge Rosenbaum, the sentencing judge, for compassionate release based on his medical circumstances, there is nothing in the language of § 2241 or the case law which suggests that this Court has the authority under this statute to entertain his request.

Third, even if a § 2241 habeas petition were somehow the proper vehicle for Petitioner to challenge the propriety of the BOP's decision not to submit a motion to the sentencing judge for his compassionate release, this Court finds the BOP's decision is not subject to review by this Court.

The relevant language of 18 U.S.C. § 3582(c)(1)(A), provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that -- (1) in any case -- (A) the court, <u>upon motion of the Director of the Bureau of Prisons</u>, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that -- (i) extraordinary and compelling reasons warrant such a reduction;  . . . (emphasis added.)

In essence, Petitioner is alleging that the BOP has abused its discretion by not filing a motion to reduce his sentence pursuant to 18 U.S. C. § 3582(c)(1)(A), and that consequently, this Court should overturn that decision.  In comparable situations, however, several circuits have concluded that the decision of the BOP not to make such a motion is not reviewable.  For example, in <u>Turner v. United States Parole Commission</u>, 810 F.2d 612 (7th Cir. 1987), the Seventh Circuit

found that 18 U.S.C. § 4205(g), which like § 3582(c)(1)(A), granted the BOP discretion to bring a motion to the sentencing court to modify a prisoner's sentence,[2] precludes the federal courts from reviewing the BOP's decisions whether to move a sentencing court for the modification. See Turner, 810 F.2d at 613, 615. Similarly, in Todd v. Federal Bureau of Prisons, 31 Fed.Appx. 833 (5th Cir. 2002), the court noted, "the Seventh, Ninth, and Eleventh Circuits have concluded that the decision not to file a § 3582(c)(1)(A) motion is not reviewable." 31 Fed.Appx. 833 at 2, *citing* Fernandez v. United States, 941 F.2d 1488 (11th Cir. 1991); Simmons v. Christensen, 894 F.2d 1041 (9th Cir. 1989); Turner, 810 F.2d 612.[3] This Court agrees with the holdings of these courts, and finds that the decision not to pursue a motion on behalf of Petitioner is not reviewable by this Court.

Finally, even if the BOP's decision were reviewable in the context of a § 2241 petition, this Court would not overturn the BOP's decision not to pursue a motion to the sentencing court for the compassionate release of Petitioner. While Petitioner argues that the Director of the BOP must send a motion for

---

[2] Section 4205(g) states, "At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time and no hearing shall be required." Section 4205(g) previously included the compassionate release provision until the statute was repealed on November 1, 1987. However, §4205 is still the controlling law for inmates whose offenses occurred prior to that date. Program Statement 5050.46 at 1. The compassionate release provision was then inserted into 18 U.S.C. 3582(c)(1)(A) and is the controlling provision for inmates whose offenses occurred on or after November 1, 1987. Id.

[3] The Court notes that Fernandez and Simmons, like Turner, all address 18 U.S.C. § 4205(g), and not § 3582(c)(1)(A), as stated by the Todd court.

compassionate release to the sentencing court, (Petition at 3), there is nothing in the language of § 3582(c)(1)(A) or the regulations adopted by the BOP to govern motions for compassionate release which requires such an action by the BOP. Pursuant to 28 C.F.R. § 571.60, a motion for modification of a sentence will be made to the sentencing court only upon "particularly extraordinary or compelling circumstances that could not reasonably have been foreseen by the court at the time of sentencing." See, 28 C.F.R. § 571.60.[4]  Based on this regulation, the Compassionate Release Committee at FMC-Rochester ("Committee"), which included the Petitioner's attending physician who originally recommended the compassionate release, unanimously voted against early release of Petitioner based on his criminal history and ability to re-offend.  Norenburg Decl., Attachment C at 2.  In making this decision, the Committee noted that "the sentencing court was aware of [Petitioner's] liver disease and general poor health at the time of sentencing."  Id. at 3.  Under the Administrative Procedures Act, a court can set aside an agency decision, only upon determination that it was

---

[4] § 571.60 states:

> Under 18 U.S.C. 4205(g), a sentencing court, on motion of the Bureau of Prisons, may make an inmate with a minimum term sentence immediately eligible for parole by reducing the minimum term of the sentence to time served. Under 18 U.S.C. 3582(c)(1)(A), a sentencing court, on motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment of an inmate sentenced under the Comprehensive Crime Control Act of 1984. The Bureau uses 18 U.S.C. 4205(g) and 18 U.S.C. 3582(c)(1)(A) in particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing.

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. See, 5 U.S.C. § 706(2)(a). The record provided to this Court by the Government more than supports a conclusion that the BOP's decision not to grant Petitioner's request to pursue a motion for compassionate release on his behalf was made in accordance with its regulations and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

For all of these reasons, this Court finds that the Petition for habeas corpus should be denied.

## III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

The Petitioner's application for a writ of habeas corpus be DENIED and that this action be dismissed for lack of jurisdiction. It will therefore be recommended that the petition be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[5]

Dated: July 25, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

[5] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 11, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.