UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| CARLOS GUTIERREZ, | Civil No. 06-1714 (JRT/JSM) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| MARTY ANDERSON, Warden, | |
| Respondent. | |

Carlos Gutierrez, # 04818-041, Federal Medical Center, P.O. Box 4000, 2110 East Center Street, Rochester, MN 55903-4000, petitioner *pro se*.

Mary J. Madigan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to compel Warden Marty Anderson and the Bureau of Prisons ("BOP") to submit to the sentencing judge a motion for petitioner's compassionate release. In a Report and Recommendation dated July 25, 2006, Magistrate Judge Janie S. Mayeron recommended that this Court dismiss the petition for lack of jurisdiction. The Court has conducted a *de novo* review of petitioner's objection pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and denies the petition.

15

## BACKGROUND

Petitioner was convicted in 1998 of Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine and Aiding and Abetting Use of a Communication Facility to Further a Drug Felony. Petitioner was sentenced to 240 months in prison. He is incarcerated at the Federal Medical Center in Rochester, Minnesota. Petitioner suffers from advanced liver disease. His health is in rapid decline, and he has been given a matter of weeks to live.

In January 2006, petitioner's physician submitted a request for consideration of compassionate release to another BOP facility so that petitioner could be considered for a liver transplant. Approximately one month later, the Compassionate Release Committee at the Rochester facility unanimously recommended against petitioner's compassionate release based on petitioner's "criminal history and ability to re-offend." Norenburg Decl., Attachment C, at 2. Petitioner exhausted his administrative appeals. Petitioner then brought this § 2241 petition, seeking a court order compelling the Warden and BOP to submit on his behalf a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) so that he can die at his family's home.

The Magistrate Judge recommended that this Court deny petitioner's application and dismiss the petition for lack of jurisdiction. Because petitioner's application for writ of habeas corpus challenged neither the fact nor the duration of his confinement, the Magistrate Judge concluded that the Court lacked jurisdiction to grant relief under § 2241. Petitioner timely objected to the Report and Recommendation. Petitioner now argues that the Warden's decision not to file a motion for compassionate release

effectively converts petitioner's sentence from a term of 240 months to life imprisonment. As such, petitioner argues that he has challenged the duration of his sentence under § 2241, and that dismissal of the petition on jurisdictional grounds is therefore improper.

## ANALYSIS

The basic purpose of habeas corpus is to allow "an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus is a proper remedy under § 2241 only where the petitioner challenges the validity of his conviction or the duration of his confinement. *Id.* at 490; *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). Jurisdiction over petitioner's § 2241 claim thus hinges on whether the petition is properly characterized as a challenge to the duration of confinement.

The Eighth Circuit has not decided the precise question of whether jurisdiction exists over a § 2241 petition challenging the BOP's denial of compassionate release. The Eighth Circuit has determined that jurisdiction is proper over a § 2241 habeas petition where a petitioner challenges the BOP's discretionary decision to transfer prisoners to community correction centers. *See Elwood v. Jeter*, 386 F.3d 842, 845 (8th Cir. 2004). In the instant case, however, petitioner challenges not the duration of his sentence in a particular facility but rather the Warden's decision not to pursue compassionate release on his behalf. In other words, petitioner asks the Court to modify his sentence by granting him outright release from prison in light of his terminal illness. Although the jurisdictional question presents a relatively close issue, the Court agrees with the

Magistrate Judge that § 2241 does not confer jurisdiction over petitioner's claim. *See Morales v. United States*, 353 F. Supp. 2d 204, 205 (D. Mass. 2005) (denying § 2241 petition for compassionate release on jurisdictional grounds).

Even if petitioner's challenge were proper under § 2241, however, the Magistrate Judge found that the compassionate release statute specifically bars the Court from reviewing the Warden's decision not to recommend compassionate release. The Court agrees. Under 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment once it has been imposed. However, the compassionate release statute provides that "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction."[1] 18 U.S.C. § 3582(c)(1)(A). Because BOP declined to file a motion to reduce petitioner's term of imprisonment, the Court has no statutory authority to consider petitioner's request for compassionate release. Several circuits have held that federal courts are precluded from reviewing the BOP's decision not to move the sentencing court for modification of a sentence. *See, e.g.*, *Turner v. United States Parole Comm'n*, 810 F.2d 612, 618 (7th Cir. 1987); *Todd v. Fed. Bur. of Prisons*, 31 Fed. Appx. 833 (5th Cir. 2002). The Court therefore agrees with the Magistrate Judge's conclusion that § 3582(c) prevents this Court from considering petitioner's request for compassionate release.

---

[1] Because the BOP's decision to recommend compassionate release is discretionary, the Court declines to provide mandamus relief under 28 U.S.C. § 1361 compelling the Warden and the BOP to move for petitioner's compassionate relief. *See Hatcher v. Heckler*, 772 F.2d 427, 432 (8th Cir. 1985) (mandamus relief inappropriate where agency decision is discretionary).

- 5 -

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 20] and **ADOPTS** the Report and Recommendation of the Magistrate Judge.  Accordingly, **IT IS HEREBY ORDERED** that petitioner's petition for habeas corpus [Docket No. 1] is **DISMISSED with prejudice** pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts.[2]  **IT IS FURTHER ORDERED** that petitioner's petition for writ of mandamus [Docket No. 21] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   October 30, 2006　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 may be applied to habeas cases brought under 28 U.S.C. § 2241.  *See* Rule 1(b); *Mickelson v. United States*, 2002 WL 31045849, at *2 (D. Minn. Sept. 10 2002).